17-2620
Wu v. Barr

BIA
Kolbe, IJ
A208 419 205

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand nineteen.

PRESENT:
> AMALYA L. KEARSE,
> DENNIS JACOBS,
> PETER W. HALL,
> *Circuit Judges.*

_____

DONG WU,

> **Petitioner**,

> v.                                                          **17-2620**

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,

> **Respondent**.

_____

FOR PETITIONER:             Jay Ho Lee, Jay Ho Lee Law Offices LLC,
                            New York, NY.

FOR RESPONDENT:             Brendan P. Hogan, Attorney, Office of
                            Immigration Litigation, United States
                            Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Dong Wu, a native and citizen of the People's Republic of China, seeks review of a decision of the Board of Immigration Appeals ("BIA") affirming the decision of an Immigration Judge ("IJ") denying Wu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Wu argues that the IJ's adverse credibility determination was not supported by substantial evidence. We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the BIA adopts and supplements the decision of the IJ, we review the decision of the IJ as supplemented by the BIA. See Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see Lin v. Mukasey, 534 F.3d 162, 165-66 (2d Cir. 2008).

1. Wu argues that the IJ improperly found that his testimony regarding his 15-day detention in China was vague. We agree.

Wu testified at the hearing that: he was detained for 15 days; he was deprived of adequate food during that detention; he was beaten on his head and legs approximately five times for about five minutes each time; and the police used their "palm[s] to hit [his] head" and their legs "to hit [his] leg." Certified Administrative Record ("CAR") 106. Such testimony is sufficiently detailed to defeat an adverse credibility determination on vagueness grounds. See Qiu v. Ashcroft, 329 F.3d 140, 151 (2d Cir. 2003) ("[T]estimony is 'too vague' if it doesn't

2

identify facts corresponding to each of the elements of one of the 'refugee' categories of the immigration statutes . . . ."), <u>overruled on other grounds by</u> <u>Lin v. U.S. Dep't of Justice</u>, 494 F.3d 296 (2d Cir. 2007); <u>Beskovic v. Gonzales</u>, 467 F.3d 223, 226 (2d Cir. 2006) (observing that "a 'minor beating' . . . may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground").

Moreover, "in a proceeding wherein an alien seeks relief from removal, a finding of testimonial vagueness cannot, without more, support an adverse credibility determination unless government counsel or the IJ first attempts to solicit more detail from the alien." <u>Li v. Mukasey</u>, 529 F.3d 141, 147 (2d Cir. 2008); <u>see</u> <u>Xue v. Bd. of Immigration Appeals</u>, 439 F.3d 111, 122 (2d Cir. 2006). The IJ asked Wu no questions regarding his 15-day detention, and the attorney for DHS asked only the following:

> **Q**: You were released from -- okay. You were detained for 15 days, is that right?
>
> **A**: Yes.
>
> . . . .
>
> **Q**: And before -- and you explained to the judge that you were physically harmed while you were in detention, is that right?
>
> **A**: Yes.
>
> **Q**: Require any medical treatment?
>
> **A**: No.

CAR 146, 152.

These three questions are not sufficiently probing of the circumstances of Wu's detention to justify an adverse credibility finding based on vagueness. None of the questions provided Wu with any opportunity to elaborate, and two of the questions simply sought confirmation of details to which Wu had already testified. Accordingly, the IJ erred in relying on the vagueness of Wu's testimony regarding his 15-day detention to discredit his testimony.

3

**2.** Wu challenges the IJ's demeanor finding as unsupported by the record.

The IJ found:

> When asked whether or not he had been ordered to pay a fine or report or be subject to any punishment after the 15-day detention, the respondent testified that he was not required. The court observed the respondent's demeanor at this point in his testimony and found that it gave the impression of someone who had rehearsed the facts.

CAR 50-51.   At the hearing, Wu was asked only two questions regarding his subjection to fines and reporting requirements after he was released from detention:

> **Q:** Okay. Were you required to pay a fine at all?
>
> **A:** No.
>
> **Q:** Were you required to report back at all?
>
> **A:** No.

CAR 141.

While particular deference is given to the trier of fact's assessment of demeanor, see Majidi v. Gonzales, 430 F.3d 77, 81 n.1 (2d Cir. 2005), a demeanor finding based on the answers to two yes/no questions is not persuasive and is not adequately supported by the evidence.   Moreover, Wu's testimony on these points was not inconsistent with any other evidence.   In his application for asylum, Wu stated that, when he was released from detention, he "had to promise not to attend or participate in any house church activities."   CAR 306. He has never asserted that he was required to pay a fine or report to the police. See Lin v. U.S. Dep't of Justice, 453 F.3d 99, 109 (2d Cir. 2006) (observing that demeanor findings are more reliable when supported by "specific examples of inconsistent testimony").   We cannot conclude that adequate support for the demeanor finding was supplied by the IJ's indication that she doubted the veracity of Wu's answers that were the very opposite of answers that would

4

have aided his claims.

**3.** Wu argues that the IJ incorrectly relied on a lack of corroborating letters.[1]   "[T]o turn down a refugee candidate for want of sufficient corroboration, the adjudicator must (a) identify the particular pieces of missing, relevant documentation, and (b) show that the documentation at issue was reasonably available to the petitioner."   Qiu, 329 F.3d at 153.

The IJ found:

> When asked why he did not provide letters from persons who could corroborate his claim, for example, the family friend who advised him to attend the church, the respondent only testified that he did not know.   Given the respondent's testimony that he remained in contact with some of these individuals, the court finds it significant that the record does not contain letters from these individuals or other corroborating information.

CAR 51.   The IJ apparently assumed that corroborating letters were "reasonably available" to Wu because he was still in contact with "some of these individuals."   Id.

Wu testified that he was in contact with two people in China who could corroborate his story of detention: his mother, and the friend who (he said) hid him when he escaped the church raid in 2015 that occurred when he returned to the church for the first time after his detention.   Wu provided a corroborating letter from his mother.   As to his "hiding friend," Wu explained that he had asked the friend for a letter, but the friend refused to write one.   The IJ did not cite to any evidence supporting a finding that the letter was somehow "reasonably available" even though the friend had refused Wu's request to write

---

[1] As an initial matter, having determined that the IJ's vagueness and demeanor findings do not support a negative credibility determination, we note that a lack of corroborating evidence alone does not defeat the claim of an applicant whose testimony is credible, persuasive, and specific.   See Urgen v. Holder, 768 F.3d 269, 273 (2d Cir. 2014) (per curiam) ("'[A]n applicant can meet his burden of proof based on credible testimony alone.'"); see also 8 U.S.C. § 1158(b)(1)(B)(ii) ("The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration . . . .").

one.

The IJ also specifically noted the lack of a letter from the "family friend who advised [Wu] to attend the church."   CAR 51.   But Wu did *not* testify that he was still in contact with that friend, and there was no other testimony that could support a finding that the family friend was otherwise reasonably available.

**4.** Wu challenges the IJ's implausibility finding regarding his baptism.

At the hearing, Wu testified that he was baptized in the United States on April 4, 2006, in a special ceremony, held at the church sometime after the 11:00 a.m. service.   While he recalled that the baptism was not immediately after the service, he couldn't recall exactly what time of day it was held.   CAR 134-35. The IJ concluded that this testimony was "implausible" because Wu could not "remember the time of day that [his baptism] occurred."   CA 52.   But Wu did remember when he was baptized--it was sometime after the 11:00 a.m. service. The fact that he did not remember (ten months later) the time of day of the baptism does not make his testimony implausible, especially given that Wu submitted a baptismal record that corroborated the date of the baptism.   Id.

**5.**     Accordingly, we conclude that four of the findings underlying the IJ's adverse credibility determination were infirm.   However, even when an adverse credibility determination is based in part on flawed grounds, we need not remand if: "(1) substantial evidence in the record relied on by the IJ, considered in the aggregate, supports the IJ's finding that petitioner lacked credibility, and (2) disregarding those aspects of the IJ's reasoning that are tainted by error, we can state with confidence that the IJ would adhere to his decision were the petition remanded."   Li v. Lynch, 839 F.3d 144, 149 (2d Cir. 2016) (internal quotation marks and citation omitted).   Here, given the number of errors in the IJ's findings supporting her adverse credibility determination, we cannot confidently predict that the agency would reach the same conclusion on remand.

For the foregoing reasons, the petition for review is **GRANTED**, the BIA's decision is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court